**FILED - GR**

October 17, 2008 12:34 PM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw____/_____

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Juergen Lohrke,                          )
                                         )
              Plaintiff,                 )        **1:08-cv-977**
                                         )   Hon.  **Paul L Maloney**
      v.                                 )        **Chief U.S. District Judge**
                                         )
NCO Financial Systems, Inc.,             )
a Pennsylvania corporation,              )
                                         )
              Defendant.                 )
_____)

### Complaint

### I.    Introduction

1.    This is an action for damages and declaratory relief, brought by a person against a

debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection

practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

### II.    Jurisdiction

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this

judicial district is proper because the pertinent events took place here.

### III.    Parties

3.    Plaintiff Juergen Lohrke is a natural person residing in Kent County, Michigan.

Mr. Lohrke is a "person" as the terms are defined and used in the FDCPA. Mr. Lohrke is a

1

"person" as the terms are defined and used in the MCPA.

    4.    Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. NCO is a "debt collector" as the term is defined and used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and used in the MCPA.

**IV.    Facts**

    5.    Kristin Collier purchased goods and/or services on credit for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is used in the FDCPA and MCPA.

    6.    Mr. Lohrke is the uncle of Ms. Collier.

    7.    Apparently, Ms. Collier failed to pay the debt or otherwise disputed the debt.

    8.    Apparently, Ms. Collier's initial creditor or a successor in interest hired NCO to collect the disputed debt from Ms. Collier. Alternatively, NCO purchased the disputed debt after the account allegedly was in default.

    9.    On or about October 9, 2008, a NCO employee telephoned the residence of Mr. Lohrke, and left the following recorded message on Mr. Lohrke's residential telephone answering machine: "Yes, hi. This message is only meant for Kristin Collier. My name is Beth. I'm calling from NCO. I need your return call immediately from you or your attorney so that we can get this matter in my office resolved voluntarily. My direct line you can reach me is 888-899-5966. When calling back, refer to case number ZA5647. I'll be here in the office this

2

evening until 8:30 p.m. Thank you."

10. On or about October 13, 2008, Mr. Lohrke returned the call to NCO and spoke with a NCO employee identified as "Fred." Mr. Lohrke provided the NCO "case number." The NCO employee stated that NCO was attempting to contact Ms. Collier. Mr. Lohrke stated that he was Ms. Collier's uncle. Mr. Lohrke stated that Ms. Collier did not reside with him. Hearing that, the NCO employee made the following statements:

a) NCO was trying to contact Ms. Collier regarding "a pending litigation claim" that had been "placed against her."

b) NCO was calling Mr. Lohrke because Ms. Collier had provided Mr. Lohrke's name as "a relative contact – someone that would be able to get a message to her or be able to have her return a call in the case of an emergency."

c) The "Litigation Office of NCO" was trying to contact Ms. Collier.

d) "We process litigation claims against people for our clients."

Mr. Lohrke told the NCO employee to take his telephone number off of NCO's list. The NCO employee refused, explaining that NCO did not have to because the NCO calls were not a sales call or a solicitation. Mr. Lohrke again and expressly demanded: "Don't call here again." The NCO employee refused to stop the calls to Mr. Lohrke, stating: that Mr. Lohrke would have to take the matter up with Ms. Collier. The NCO employee told Mr. Lohrke to contact Ms. Collier and deliver a message, instructing her to contact NCO to resolve the matter voluntarily and out of court, or else NCO would serve Ms. Collier with a lawsuit. Mr. Lohrke expressly refused to provide NCO with any location information regarding Ms. Collier.

11. On or about October 15, 2008 at approximately 1:19 p.m., a NCO employee

3

telephoned the residence of Ms. Collier's uncle, Juergen Lohrke, and left the following recorded message on Mr. Lohrke's residential telephone answering machine: "Yes, hi. This message is solely meant for Kristin Collier. My name is Beth. I'm calling from NCO. I need your return phone call immediately from you or your attorney so that we can get this pending case through Berrien County resolved voluntarily. My direct phone you can reach me is 888-899-5966. When calling back, refer to case number ZA5647. Thank you."

12. The FDCPA states that a debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

13. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

14. NCO wrongfully communicated with Mr. Lohrke for a purpose *other than* to acquire location information. Namely, NCO wrongfully turned Mr. Lohrke into a *de facto* debt collector for NCO by communicating to Mr. Lohrke that his niece needed a lawyer, that she had been or was about to be sued, and that bad things would happen to Mr. Lohrke's niece unless he did NCO's bidding and delivered NCO's message to Ms. Collier.

15. NCO wrongfully created a sense of urgency in Mr. Lohrke in order to coerce Mr. Lohrke into aiding NCO in its efforts to collect a debt from Ms. Collier.

16. The FDCPA states that a debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or

4

incomplete and that such person now has correct or complete location information. 15 U.S.C. §
1692b(3).

17.     NCO communicated with Mr. Lohrke more than once regarding Ms. Collier,
despite having been told by Mr. Lohrke to remove his telephone number from NCO's calling list
and despite having been told by Mr. Lohrke not to call his residence again.

18.     NCO communicated with Mr. Lohrke more than once regarding Ms. Collier, even
though Mr. Lohrke expressly told NCO that he would not provide location information regarding
Ms. Collier.

19.     The FDCPA states that "causing a telephone to ring or engaging any person in
telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any
person at the called number" is a violation of the FDCPA. 15 U.S.C. § 1692d(5).

20.     NCO and its employees telephoned Mr. Lohrke with intent to annoy and harass
Mr. Lohrke.

21.     The natural consequence of NCO's conduct was to harass and annoy Mr. Lohrke.

22.     It was unfair and unconscionable for NCO to communicate with Mr. Lohrke
regarding Ms. Collier for a purpose *other than* to acquire location information. Namely, it was
unfair and unconscionable for NCO in connection with the attempted collection of a debt to tell
Mr. Lohrke that his niece was facing litigation and that for her to avoid dire consequences, Mr.
Lohrke was required to deliver messages to Ms. Collier.

23.     NCO forced Mr. Lohrke to choose between minding his own affairs and
interjecting himself into Ms. Collier's personal financial affairs, causing Mr. Lohrke great
awkwardness and discomfort, harming his relationship with his niece, and making NCO an

5

unwilling participant in NCO's unlawful debt collection efforts.

24.     NCO's unlawful debt collection methods, acts and practices were willful. NCO willfully violated the FDCPA and MCPA.

25.     As an actual and proximate result of the acts and omissions of NCO and its employees, Mr. Lohrke has suffered actual damages and injury, including but not limited to, mental anguish, emotional stress and suffering for which he should be compensated in an amount to be established at trial and by jury.

## V.     Claims for Relief

### Count 1– Fair Debt Collection Practices Act

26.     Plaintiff incorporates the foregoing paragraphs by reference.

27.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)     Defendant violated 15 U.S.C. § 1692b by communicating with plaintiff for purposes *other than* to acquire location information and by communicating with plaintiff more than once;

b)     Defendant violated 15 U.S.C. § 1692c(b) by communicating with plaintiff for purposes *other than* to acquire location information;

c)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

d)     Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted

6

collection of a debt; and

e)  Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d)  A declaration that defendant's practices violate the FDCPA; and

e)  Such further relief as the court deems just and proper.

## Count 2– Michigan Collection Practices Act

28.  Plaintiff incorporates the foregoing paragraphs by reference.

29.  Defendant has violated the MCPA. Defendant's violations of the MCPA

include, but are not necessarily limited to, the following:

a)  Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)  Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

c)  Defendant violated M.C.L. § 339.915(l) by bringing to public notice that the consumer is a debtor;

d)  Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, by repeatedly causing a telephone to ring and/or

by repeatedly engaging a person in telephone conversation; and

e)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure

designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)    Actual damages pursuant to M.C.L. § 339.916(2);

b)    Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)    Statutory damages pursuant to M.C.L. § 339.916(2); and

d)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff hereby demands trial by jury.

Dated: October 17, 2008

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com